

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB 13 2020 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x

SECURITIES AND EXCHANGE COMMISSION,

                              Plaintiff,

                   --against--

JEFFREY AUERBACH, RICHARD BROWN, and
JARED MITCHELL,

                          Defendants.

-----------------------------------------------------------------------x

No. 19 Civ. 5631(ARR) (ST)

ECF Case

## JUDGMENT AS TO DEFENDANT JEFFREY AUERBACH

The Securities and Exchange Commission having filed a Complaint and Defendant
Jeffrey Auerbach ("Defendant") having entered a general appearance; consented to the Court's
jurisdiction over Defendant and the subject matter of this action; consented to entry of this
Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from
this Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is
permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the
Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5
promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of
interstate commerce, or of the mails, or of any facility of any national securities exchange, in
connection with the purchase or sale of any security:

    (a)      to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact

necessary in order to make the statements made, in the light of the circumstances

under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would

operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers,

agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation with Defendant or with anyone described in (a).

II.

Upon motion of the Commission, the Court shall determine whether it is appropriate to

order disgorgement of ill-gotten gains and/or a civil penalty pursuant to Section 21(d)(3) of the

Exchange Act [15 U.S.C. § 78u(d)(3)] and, if so, the amount(s) of the disgorgement and/or civil

penalty. If disgorgement is ordered, Defendant shall pay prejudgment interest thereon,

calculated from January 15, 2015, based on the rate of interest used by the Internal Revenue

Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In

connection with the Commission's motion for disgorgement and/or civil penalties, and at any

hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not

violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge

the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the

allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the

Court may determine the issues raised in the motion on the basis of affidavits, declarations,

excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: Feb. 12 , 2020

/s/(ARR)

_____

UNITED STATES DISTRICT JUDGE

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,        :
                                           :
                   Plaintiff,              :  **No. 19 Civ. 5631(ARR)(ST)**
                                           :
        --against--                        :
                                           :  **ECF Case**
JEFFREY AUERBACH, RICHARD BROWN, and       :
JARED MITCHELL,                            :
                                           :
                   Defendants.             :
-----------------------------------------------------------------------x

### CONSENT OF DEFENDANT JEFFREY AUERBACH

1.      Defendant Jeffrey Auerbach ("Defendant") acknowledges having been served

with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction

over Defendant and over the subject matter of this action.

2.      Defendant has pleaded guilty to criminal conduct relating to certain matters

alleged in the complaint in this action. Specifically, in *United States v. Jeffrey Auerbach*, No. 19

Cr. 607 (PKC) (E.D.N.Y.) (*"United States v. Auerbach"*), Defendant pleaded guilty to one count

of conspiracy to commit securities fraud in violation of 18 U.S.C. § 371. In connection with that

plea, Defendant admitted the facts set out in the transcript of his plea allocution that is attached

as Exhibit A to this Consent. This Consent shall remain in full force and effect regardless of the

existence or outcome of any further proceedings in *United States v. Auerbach*.

3.      Defendant hereby consents to the entry of the Judgment in the form attached

hereto (the "Judgment") and incorporated by reference herein, which, among other things,

permanently restrains and enjoins Defendant from violations of Section 10(b) of the Securities

Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder

[17 C.F.R.§ 240.10b-5].

1

4.      Defendant agrees that, upon motion of the Commission, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains and/or a civil penalty pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and, if so, the amount(s) of the disgorgement and/or civil penalty. The Defendant further understands that, if disgorgement is ordered, Defendant shall pay prejudgment interest thereon, calculated from January 15, 2015, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). Defendant further agrees that in connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of this Consent or the Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

5.      Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Judgment.

2

7.     Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

8.     Defendant agrees that this Consent shall be incorporated into the Judgment with the same force and effect as if fully set forth therein.

9.     Defendant will not oppose the enforcement of the Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10.     Defendant waives service of the Judgment and agrees that entry of the Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Judgment.

11.     Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and

3

other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

12. Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant acknowledges the guilty plea for related conduct described in paragraph 2 above, and: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a

4

debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19). If Defendant breaches this agreement, the Commission may petition the Court to vacate the Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

14.     In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (ii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iii) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-

prevailing U.S. Government per diem rates; and (iv) consents to personal jurisdiction over

Defendant in any United States District Court for purposes of enforcing any such subpoena.

15.     Defendant agrees that the Commission may present the Judgment to the Court for

signature and entry without further notice.

16.     Defendant agrees that this Court shall retain jurisdiction over this matter for the

purpose of enforcing the terms of the Judgment.

Dated: 1/29/2020

Jeffrey Auerbach

On January 28, 2020, Jeffrey Auerbach a person known to me,
personally appeared before me and acknowledged executing the foregoing Consent.

Notary Public
Commission expires:

ROLAND G RIOPELLE
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02RI6115684
Qualified in New York County
My Commission Expires September 13, 2020

Approved as to form:

Roland Riopelle
Sercarz & Riopelle
810 7th Avenue
New York, NY 10019

Attorney for Defendant

6

[library/official stamp - illegible]

# EXHIBIT A

1    UNITED STATES DISTRICT COURT

2    EASTERN DISTRICT OF NEW YORK

3    -------------------------------------x

4    UNITED STATES OF AMERICA,

5                     Plaintiff,          Docket No.:
                                          19 CR 607 (PKC)
6            versus

7    JEFFREY AUERBACH,                    U.S. Courthouse
                                          225 Cadman Plaza East
8                     Defendant.          Brooklyn, NY 11201
     -------------------------------------x
9                                         January 10, 2020
                                          1:30 p.m.
10

11      Transcript of Criminal Cause for Arraignment and Pleading

12   Before:   HONORABLE PAMELA K. CHEN,
                               District Court Judge
13

14                          APPEARANCES

15   For the Government:          RICHARD P. DONOGHUE, ESQ.
                                  United States Attorney
16                                Eastern District of New York
                                  271 Cadman Plaza East
17                                Brooklyn, New York 11201
                                  BY:  HIRAL MEHTA, ESQ.,
18                                     Assistant U.S. Attorney

19   For the Defendant:           SERCARZ & RIOPELLE, LLP
                                  810 Seventh Avenue
20                                New York, New York 10019
                                  BY:  ROLAND G. RIOPELLE, ESQ.
21
     Official Court Reporter:     MICHELE NARDONE, CSR
22                                Email:  Mishrpr@aol.com

23   Proceedings recorded by mechanical stenography.  Transcript
     produced by computer-aided transcription.
24

25

     MICHELE NARDONE, CSR -- Official Court Reporter

USA v. Auerbach

1        THE COURT:  And are you making this plea of guilt

2   voluntarily and of your own free will?

3        THE DEFENDANT:  Yes, I am.

4        THE COURT:  Has anyone threatened or forced you to

5   plead guilty?

6        THE DEFENDANT:  No.

7        THE COURT:  Other than your agreement with the

8   government, has anyone made you any promise that has caused you

9   to plead guilty?

10       THE DEFENDANT:  No.

11       THE COURT:  Has anyone made you any promise as to what

12  your sentence will be?

13       THE DEFENDANT:  No.

14       THE COURT:  All right.  Tell me in your own words then

15  what makes you guilty of the crime of conspiring to commit

16  securities fraud.

17       THE DEFENDANT:  In 2014 I began providing investor

18  relation services and other services to a company known as

19  NXT-ID.

20       THE COURT:  Let me ask you to go a little bit slower

21  for our court reporter.  So NXT-ID, correct?

22       THE DEFENDANT:  Correct.

23       THE COURT:  Okay.  Go ahead.

24       THE DEFENDANT:  At the time I was trading on the

25  NASDAQ National Market.  During that time I was working with

MICHELE NARDONE, CSR -- Official Court Reporter

1  NXT-ID I met Jared Mitchell, who was also providing NXT-ID with

2  investor relations and support services.  When I met

3  Mr. Mitchell in 2014, I understood that he was regularly in

4  contact with stock brokers and persuaded them to buy shares of

5  NXT-ID for their customers.

6      As time went on, Mr. Mitchell and I agreed to combine

7  our business operations.  We formed a new business, called

8  Excelsior Global Advisors, to provide investor relation

9  services to a myriad of different clients.  After forming

10 Excelsior, Mr. Mitchell and I continued to work together to

11 provide investor relation services to NXT-ID, and Excelsior was

12 paid by NXT-ID for the services we provided.

13     Over time, I had learned that Mr. Mitchell was, on

14 some occasions, paying cash to security brokers, in order to

15 influence them to buy shares of NXT-ID for their clients.  I

16 learned that Richard Brown was one broker who Mr. Mitchell

17 paid.  I knew that Mr. Brown's place of business was located on

18 Long Island, and Mr. Mitchell and the chief executive officer

19 of NXT-ID, Gino Pereira, met with him there on occasion.

20     I did not object to Mr. Mitchell's conduct to attempt

21 or to lead Excelsior, even though I understood what

22 Mr. Mitchell was doing was wrong.

23     In September of 2015, Mr. Mitchell asked me to arrange

24 for a payment of $5,000 in cash to Richard Brown.  I did so by

25 withdrawing $5,000 in cash from my bank account and causing it

1  to be delivered to Mr. Brown.  Although Mr. Mitchell never

2  explicitly told me that this money was a bribe to Mr. Brown to

3  cause him to put his clients into NXT-ID stock, I certainly

4  believed that was the reason it was being made for, and I knew

5  what I was doing participating in the scheme was wrong.

6        After Mr. Brown received the money, I was then

7  reimbursed for the payment by Mr. Mitchell from the funds that

8  were received by Excelsior from NXT-ID.

9        THE COURT:  You may have said this, but I may have

10  missed it.

11        How did you communicate with any members of this

12  conspiracy, or how did you effect the last transaction that you

13  mentioned with respect to Mr. Brown?

14        THE DEFENDANT:  Mr. Mitchell asked me to -- called me

15  on the telephone and he asked me if I would leave money for

16  Mr. Brown.

17        THE COURT:  Did you ever use the mails to effect any

18  part of this conspiracy?

19        THE DEFENDANT:  No, I did not.

20        THE COURT:  But you used the phone regularly; is that

21  right?

22        THE DEFENDANT:  Correct.

23        THE COURT:  And how about e-mail?

24        THE DEFENDANT:  Text messaging.

25        THE COURT:  Okay.  Text messaging.